**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

ALISHIA S. DEWBRE,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No. 18-CV-4055-LRR

**ORDER**

*I.   INTRODUCTION..................................................................1*
*II.  RELEVANT PROCEDURAL HISTORY..................................2*
*III. STANDARD OF REVIEW......................................................2*
    *A.   Review of Final Decision..............................................2*
    *B.   Review of Report and Recommendation........................4*
*IV.  OBJECTIONS........................................................................5*
    *A.   Dr. Jordison's Opinions...............................................5*
    *B.   RFC Assessment.........................................................7*
    *C.   Appointments Clause Challenge..................................10*
*V.   CONCLUSION....................................................................13*

*I. INTRODUCTION*

The matter before the court is Plaintiff Alishia S. Dewbre's Objections (docket no. 16) to United States Chief Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (docket no. 15), which recommends that the court affirm Defendant Commissioner of Social Security's ("Commissioner") final decision to deny disability benefits to Dewbre.

## II. RELEVANT PROCEDURAL HISTORY

On June 28, 2018, Dewbre filed a Complaint (docket no. 3), seeking judicial review of the Commissioner's final decision denying Dewbre's application for Title XVI Supplemental Security Income ("SSI") benefits. On October 9, 2018, the Commissioner filed an Answer (docket no. 7). On January 9, 2019, Dewbre filed the Plaintiff's Brief (docket no. 11). On February 7, 2019, the Commissioner filed the Defendant's Brief (docket no. 12). On February 15, 2019, Dewbre filed the Reply Brief (docket no. 13). On February 19, 2019, the matter was referred to Judge Mahoney for issuance of a report and recommendation. On August 8, 2019, Judge Mahoney issued the Report and Recommendation. On August 22, 2019, Dewbre filed the Objections. The Commissioner did not respond to Dewbre's Objections. The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

### A. *Review of Final Decision*

The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). Pursuant to 42 U.S.C. § 405(g), the court has the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's factual findings shall be conclusive "if supported by substantial evidence." *Id*. "The court 'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014) (quoting *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Fentress v. Berryhill*, 854 F.3d 1016, 1019-20 (8th Cir. 2017) (quoting *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge ("ALJ")], but [it] do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers "both evidence that detracts from the Commissioner's decision, as well as evidence that supports it." *Fentress*, 854 F.3d at 1020; *see also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (providing that review of the Commissioner's decision "extends beyond examining the record to find substantial evidence in support of the [Commissioner's] decision" and noting that the court must also "consider evidence in the record that fairly detracts from that decision"). The Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is "something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal."

*Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)). The court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). "An ALJ's decision is not outside the zone of choice simply because [the court] might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley*, 528 F.3d at 1115). Therefore, "even if inconsistent conclusions may be drawn from the evidence, the [Commissioner's] decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016) (providing that a court "may not reverse simply because [it] would have reached a different conclusion than the [Commissioner] or because substantial evidence supports a contrary conclusion").

## B. *Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to object to any portion of a magistrate judge's report and recommendation, he or she waives the right to de novo review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The United States Supreme Court has stated that "[t]here is no indication that Congress, in enacting § 636(b)(1)[ ], intended to require a district judge to review a magistrate's report to which no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 152 (1985). However, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under de novo or any other standard." *Id.* at 154.

## IV. OBJECTIONS

In the Objections, Dewbre argues that: (1) Judge Mahoney erred in finding that the ALJ properly weighed Dr. Jordison's opinions; (2) Judge Mahoney erred in concluding that the ALJ's residual functional capacity ("RFC") assessment is supported by substantial evidence; and (3) Judge Mahoney erred in determining that Dewbre failed to timely raise her Appointments Clause challenge under *Lucia v. S.E.C.*, ___ U.S. ___, 138 S. Ct. 2044 (2018). *See generally* Objections at 1-12. After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 8-1 through 8-12), the court shall overrule the Objections.

### A. Dr. Jordison's Opinions

Dewbre objects to Judge Mahoney's finding that "[t]he ALJ gave good reasons, supported by substantial evidence, for discounting Dr. Jordison's RFC opinion." Report and Recommendation at 7. Dewbre argues that "[t]he ALJ's rationale was too vague and conclusory to provide a sufficient rationale for assigning limited weight to Dr. Jordison's opinions." Objections at 2. Specifically, Dewbre complains that the ALJ's determination to assign limited weight to Dr. Jordison's opinions improperly rested too heavily on the fact that Dr. Jordison relied on Dewbre's self-reports, which the ALJ found lacked credibility. *See* Objections at 3-4. Dewbre contends that the ALJ's finding that she lacked credibility was in error, because the ALJ focused too heavily on her ability to provide childcare for her children, which the ALJ found inconsistent with Dewbre's subjective allegations of disability. *See id*.

An ALJ is required to evaluate every medical opinion he or she receives from a claimant. 20 C.F.R. § 416.927(c). If the medical opinion is not from a treating source, then the ALJ considers the following factors for determining the weight to be given to the non-treating medical opinion: "(1) examining relationship, (2) treating relationship, (3) supportability, (4) consistency, (5) specialization, and (6) other factors." *Wiese*,

552 F.3d at 731 (citing 20 C.F.R. § 416.927(c)(1)-(6)). "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007) (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001)).

In her decision, the ALJ thoroughly addressed and considered Dewbre's subjective allegations of disability and found that Dewbre lacked credibility. *See* AR 23-25. Further, contrary to Dewbre's argument, the ALJ did not focus almost solely on Dewbre's ability to provide childcare for her three children as the primary reason for finding her subjective allegations of disability incredible. Indeed, in addition, to finding that Dewbre's ability to care for her three children was inconsistent with her claim of disability, the ALJ also thoroughly discussed Dewbre's daily activities, social activities and use of medications in finding that her subjective claim of disability was not credible. *See* AR 25-26. When an examining physician's opinion relies on a claimant's subjective complaints, and when the ALJ determines that the claimant's subjective allegations lack credibility, it is not improper for an ALJ to discount such an examining source opinion. *See Vance v. Berryhill*, 860 F.3d 1114, 1121 (8th Cir. 2017).

The ALJ also thoroughly explained his reasons for granting "little weight" to Dr. Jordison's opinions:

> While Dr. Jordison is an acceptable medical source who had the opportunity to meet with and examine [Dewbre], he only evaluated her one time and that evaluation was after the hearing. During that evaluation, [Dewbre] reported an extensive range of psychologically based symptoms that she has not reported to treatment providers. She also reported physical problems that are not established by the medical evidence. As Dr. Jordison only met with [Dewbre] once, he had to rely heavily on her self-reported limitations in forming

6

> his opinion, given he has no treating relationship with
> [Dewbre] or direct knowledge of her level of functioning
> during the period at issue. The limitations he describes are
> grossly inconsistent with her daily activities, which include
> caring for three young children. Indeed, if his opinion was
> accepted, one would expect to see much more intensive mental
> health treatment, such as extensive inpatient hospitalizations
> and perhaps even the need for a supportive living environment.
> One might also expect to see personal care attendant (PCA)
> services or child protective services involved, given the extent
> of the limitations outlined in the opinion. The limitations
> described in Dr. Jordison's [opinion] contrast sharply with the
> other evidence of record, so as to render them of limited
> persuasive value. While [Dewbre] has a range of work-related
> mental limitations, the evidence does not support limitations to
> the extent suggested by Dr. Jordison. His findings and opinion
> are given limited weight.

AR 26-27.

Having reviewed the entire record, the court finds that the ALJ properly considered and weighed the opinion evidence provided by Dr. Jordison. The ALJ articulated good reasons for discounting the opinions of Dr. Jordison, and for finding the opinions to be inconsistent with the record as a whole. *See Wagner*, 499 F.3d at 848 ; *Kirby*, 500 F.3d at 709 (providing that an ALJ is entitled to give less weight to a medical source opinion where the opinion is based on a claimant's subjective complaints rather than on objective medical evidence). Even if inconsistent conclusions could be drawn on this issue, the court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *See Guilliams*, 393 F.3d at 801. Accordingly, the court shall overrule this objection.

### B. RFC Assessment

Dewbre objects to Judge Mahoney's conclusion that "the ALJ considered the effects of Dewbre's psychological condition on her RFC, recognizing that Dewbre's mental impairments were severe and '[m]ore significant' in terms of causing limitations than her

physical impairments." Report and Recommendation at 9 (alteration in original). Dewbre argues that, in determining her RFC, the ALJ "did not evaluate the psychological component of [her] physical limitations, which was a failure to fully and fairly develop the record." Objections at 5. Dewbre maintains that, "the ALJ should have further developed the record and considered how [Dewbre's] mental impairments were impacting her physical symptoms while crafting [Dewbre's] RFC." Objections 7.

When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the RFC to perform a significant number of other jobs in the national economy that are consistent with the claimant's impairments and vocational factors such as age, education and work experience. *See Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). The ALJ is responsible for assessing a claimant's RFC, and his or her assessment must be based on all of the relevant evidence. *See Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). Relevant evidence for determining a claimant's RFC includes "medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Id*. (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004)). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Id*. (quoting *Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008)).

Additionally, an ALJ "has a duty to fully and fairly develop the evidentiary record." *Byes v. Astrue*, 687 F.3d 913, 915-16 (8th Cir. 2012); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008).

The ALJ thoroughly addressed and considered Dewbre's medical and treatment history, including both psychological and physical symptoms. *See* AR 22-27 (providing a thorough discussion of Dewbre's overall medical history and treatment). Further, Judge Mahoney correctly pointed out that Dewbre was never diagnosed with a conversion disorder, that is a belief that one's physical ailments are more serious than clinical data suggests and one's experience of physical problems as worse than they in fact are, as significantly suggested in Dewbre's opening brief. *See* Plaintiff's Brief at 6-8; *see also* Report and Recommendation at 8 (citing *Easter v. Bowen*, 867 F.2d 1128, 1129 (8th Cir. 1989)). Additionally, having reviewed the entire record, the court agrees with Judge Mahoney that "[t]he ALJ sufficiently considered Dewbre's impairments in combination, including the effect of her physical health on her mental health and vice versa." Report and Recommendation at 8; *see also* AR 22 (providing that the ALJ's RFC assessment was "based on all the evidence with consideration of the limitations and restrictions imposed by the combined effects of all [Dewbre's] medically determinable impairments"). Further, the ALJ also properly considered and thoroughly addressed Dewbre's subjective allegations of disability in making her overall disability determination, including determining Dewbre's RFC. *See id*. at 23-26 (providing a thorough review of Dewbre's subjective allegations of disability).

Therefore, having reviewed the entire record, the court finds that the ALJ properly considered Dewbre's medical records, observations of treating physicians and Dewbre's own description of her limitations in making the RFC assessment for Dewbre. *See id.* at 22-27 (providing a thorough discussion of the relevant evidence for making a proper RFC determination); *see also Combs*, 878 F.3d at 646 (explaining what constitutes relevant evidence for assessing a claimant's RFC). Furthermore, the court finds that the ALJ's decision is based on a fully and fairly developed record. *See Byes*, 687 F.3d at 915-16. Because the ALJ considered the medical evidence as a whole, the court concludes that the

ALJ made a proper RFC determination supported by the medical evidence. *See Combs*, 878 F.3d at 646; *Guilliams*, 393 F.3d at 803. Accordingly, the court shall overrule the objection.

## C. Appointments Clause Challenge

Dewbre objects to Judge Mahoney's recommendation that the court "reject Dewbre's Appointments Clause challenge" because such a challenge "raised for the first time on judicial review [is] . . . forfeited." Report and Recommendation at 13-14 (collecting cases). In the Objections, Dewbre points out that "some district courts have recently found against the Commissioner on this issue." Objections at 8-9 (citing cases from only four district courts outside the Eighth Circuit). Dewbre also cites Social Security Ruling ("SSR") 19-1p. *See id.* at 11-12. Additionally, Dewbre asserts that, "[s]hould the [c]ourt find against [her] on this issue and is not otherwise remanding her claim, [Dewbre] requests the [c]ourt to stay the entering of judgment in her case until the Eighth Circuit addresses this issue."[1] Objections at 8.

First, Dewbre's citation to SSR 19-1p in inapplicable because SSR 19-1p applies to Appointments Clause challenges that were timely raised before the Appeals Council or previously raised at the ALJ level. *See* SSR 19-1p, 2019 WL 1324866, at *3 (Mar. 15, 2019). Dewbre raised the Appointments Clause issue to this court on judicial review. Because Dewbre did not raise her Appointments Clause challenge before the ALJ or Appeals Council, the court finds that she has waived this issue. *See N.L.R.B. v. RELCO Locomotives, Inc.*, 734 F.3d 764, 798 (8th Cir. 2013) (concluding that a plaintiff who raised an Appointments Clause challenge "waived its challenge to the Board's composition because it did not raise the issue before the Board"); *Anderson v. Barnhart*, 344 F.3d 809,

---

[1] Dewbre notes that the Appointments Clause issue "has been briefed in the Eighth Circuit Court of Appeals in a consolidated case. *See Davis et al. v. Comm'r, Social Security*, Nos. 18-3422, 18-3451, 18-3452, 19-1169[.] . . . While these cases are screened for oral argument, this has not been scheduled yet." Objections at 7-8.

814 (8th Cir. 2003) (finding that a claimant's failure to raise a disability claim during the administrative process "waived [the claim] from being raised on appeal"); *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." (quoting *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999))); *Trejo v. Berryhill*, No. EDCV 17-0879-JPR, 2018 WL 3602380, at *3 n.3 (C.D. Cal. July 25, 2018) ("To the extent *Lucia* applies to Social Security ALJs, [the] [p]laintiff has forfeited the issue by failing to raise it during her administrative proceedings.").

Second, Dewbre's citation to *Bizarre v. Berryhill*, F.Supp.3d , 2019 WL 1014194 (M.D. Pa. Mar. 4, 2019) and other cases following *Bizarre*, mostly from the Eastern District of North Carolina and the Eastern District of Pennsylvania, are unpersuasive. *See* Objections at 8-9. In *Bizzare*, the District Court for the Middle District of Pennsylvania determined that it did "not believe that Bizarre was required to raise his [Appointments Clause challenge] before the ALJ or the Appeals Council in the first instance or that failure to do so worked a forfeiture of that claim." 2019 WL 1014194, at *7. As discussed above, the court respectfully disagrees with the *Bizzare* court's holding. This court believes that failure to raise an Appointments Clause challenge before the ALJ or Appeals Council at the agency level waives the issue on judicial review at the district court level. *See RELCO Locomotives*, Inc., 734 F.3d at 798; *Anderson*, 344 F.3d at 814. Furthermore, the vast majority of district courts across the country agree with this court's reasoning. *See Hodge v. Saul*, No. 1:18CV206, 2019 WL 3767130, at *5 (M.D.N.C. Aug. 9, 2019); *Harris v. Saul*, No. 4:18-CV-135-RJ, 2019 WL 2865840, at *5 (E.D.N.C. July 2, 2019); *Jones v. Berryhill*, No. 4:18CV503-CAS, 2019 WL 2583157, at *8 (N.D. Fla. June 21, 2019); *Edwards v. Berryhill*, No. 3:18-CV-615(JAG), 2019 WL 2619542, at *4-5 (E.D. Va. June 6, 2019); *Allen v. Berryhill*, No. 17-CV-03414-HSG, 2019 WL 1438845, at *13 (N.D. Cal. Mar. 31, 2019); *Lopez v. Berryhill*, No. 18-20626-

11

CV-TORRES, 2019 WL 1429632, at *5-*7 (S.D. Fla. Mar. 29, 2019); *Delores A. v. Berryhill*, No. ED CV 17-254-SP, 2019 WL 1330314, at *10-*11 (C.D. Cal. Mar. 25, 2019); *Hodges v. Comm'r of Soc. Sec.*, No. 1:18-CV-394, 2019 WL 1330847, at *1-*4 (S.D. Ohio Mar. 25, 2019); *Mullins v. Berryhill*, No. 7:180CV-002-JMH, 2019 WL 1339588 (E.D. Ky. Mar. 25, 2019); *Fitzgerald v. Berryhill*, No. 17-CV-00144-GNS-LLK, 2019 WL 1125666, at *2-*4 (W.D. Ky. Mar. 12, 2019); *Bonilla-Bukhari v. Berryhill*, 357 F.Supp.3d 341, 349-52 (S.D.N.Y. Mar. 4 2019); *Catherine v. Berryhill*, 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019); *Axley v. Comm'r Soc. Sec.*, No. 1:18-CV-1106-STA-cgc, 2019 WL 489998 (W.D. Tenn. Feb. 7, 2019); *Sprouse v. Berryhill*, F.Supp.3d    , 2019 WL 1075601, at *4-*6 (D.N.J. Feb. 6, 2019); *Shipman v. Berryhill*, No. 1:17-CV-00309-MR, 2019 WL 281313, at *3 (W.D.N.C. Jan. 22, 2019); *A.T. v. Berryhill*, No. 17-4110-JWB, 2019 WL 184103, at *7 (D. Kan. Jan. 14, 2019); *Velasquez v. Berryhill*, No. 17-17740, 2018 WL 6920457, at *2-*3 (E.D. La. Dec. 17, 2018); *Abbington v. Berryhill*, No. 1:17-00552-N, 2018 WL 6571208 (S.D. Ala. Dec. 13, 2018); *Bowman v. Berryhill*, No. 4:18-CV-157 RP-HCA, 2018 WL 7568360, at *12 (S.D. Iowa Dec. 13, 2018); *Pugh v. Comm'r Soc. Sec.*, No. 1:18-CV-78, 2018 WL 7572831 (W.D. Mich. Nov. 8, 2018); *Page v. Comm'r Soc. Sec.*, 344 F.Supp.3d 902 (E.D. Mich. Oct. 31, 2018); *Davidson v. Comm'r Soc. Sec.*, No. 2:16-CV-00102, 2018 WL 4680327 (M.D. Tenn. Sept. 28, 2018); *Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984, at *4-*6 (N.D. Iowa Sept. 14, 2018). Accordingly, the court shall overrule this objection.

Turning to Dewbre's request for a stay, the court declines to grant the request. Dewbre provides no authority or argument for why a stay should be granted. "A district court has broad discretion to stay proceedings when appropriate to control its docket[.]" *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006). Generally, courts consider the following factors in determining whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to

succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Considering these factors, the court finds that Dewbre is unlikely to succeed on the merits, Dewbre will not be irreparably injured if a stay is denied and the public interest lies in the efficient resolution of cases and this case has already been pending for many months. Should the Eighth Circuit agree with the arguments presented by Dewbre's counsel, it will be simple enough to issue a remand based on an Appointments Clause violation. Accordingly, Dewbre's request for a stay is denied.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1)  The Objections (docket no. 16) are **OVERRULED**;

(2)  The Report and Recommendation (docket no. 15) is **ADOPTED** and the final decision of the Commissioner is **AFFIRMED**; and

(3)  The Complaint (docket no. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 11th day of September, 2019.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA